**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

|  |  |  |
|---|---|---|
| DERRELL FULTON, a.k.a. DARRYL FULTON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-8696 |
| | ) | |
| CHICAGO POLICE OFFICERS WILLIAM FOLEY, #20450, MICHAEL CLANCY, #20395, JOHN HALLORAN, #20453, KENNETH BOUDREAU, #20435, JAMES O'BRIEN, #20466, EDWARD CARROLL, #20346, WILLIAM MOSER, #20465, ALBERT GRAF, #20480, S. TURNER, #20874, OTHER UNIDENTIFIED CHICAGO POLICE OFFICERS, THE CITY OF CHICAGO, ASSISTANT STATE'S ATTORNEY HAROLD GARFINKEL, and COOK COUNTY, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Judge Robert W. Gettleman, Presiding. |
| | ) | |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

Now come the parties, by and through their respective attorneys, and in accordance with this Court's order (Dkt. 17), hereby submit the following joint initial status report:

**A.    The date and time this case is set for a status report before the court:**

March 13, 2018 at 9:00 a.m.

**B.    The attorneys of record for each party, indicating which attorney is expected to try the case:**

1

Representing Plaintiff:

Kathleen T. Zellner*
Douglas H. Johnson
Nicholas Curran
Kathleen T. Zellner & Associates
1901 Butterfield Road, #650
Downers Grove, IL 60515
(Ph): (630) 955-1212
Email: attorneys@zellnerlawoffices.com

Representing the Defendant Officers:

Eileen E. Rosen*
Stacy A. Benjamin
Andrew J. Grill
Rock Fusco & Connelly, LLC
321 N. Clark Street
Chicago, IL 60654
(Ph): (312) 494-1000
Email: erosen@rfclaw.com

Representing the Defendant City:

James G. Sotos*
Jeffrey N. Given
Lisa Marie Meador
The Sotos Law Firm, P.C.
550 E. Devon Avenue, #150
Itasca, IL 60143
(Ph): 630-735-3300
Email: jsotos@jsotoslaw.com

Representing the County Defendants:

James E. Hanlon, Jr.*
Kevin J. Kocim
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(Ph): (312) 603-3369
Email: james.hanlon@cookcountyil.gov

*Lead attorney / expected to try the case

**C.     The basis of federal jurisdiction:**

The court has original jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over his state-law claims pursuant to 28 U.S.C. § 1367.

**D.     Whether a jury has been requested and by which party:**

A jury trial has been requested by Plaintiff. Defendants have not yet filed their responsive pleading.

**E.     The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case:**

In 1994, Plaintiff and a co-defendant, Nevest Coleman, were arrested and charged with rape and murder. They were both subsequently convicted and sentenced to lengthy prison terms. In 2017, the State moved to vacate the convictions and dismiss the charges against Plaintiff and Coleman after DNA testing on the victim's

fingernails and clothing yielded a profile from which they were excluded, and from which a convicted sex offender in CODIS could not be excluded.

Plaintiff alleges that the individually-named defendants physically and mentally coerced false confessions from Plaintiff and Coleman, which served as the sole basis for Plaintiff's prosecution and conviction. Plaintiff asserts causes of action for fabrication of evidence under the 14th Amendment, coerced confession under the 5th and 14th Amendments, conspiracy, and failure to intervene. Plaintiff has alleged related state-law claims for malicious prosecution, intentional infliction of emotional distress, and conspiracy.

As of the date of the filing of this status report, Plaintiff has filed a motion for leave to file a first amended complaint. The first amended complaint adds an additional defendant officer under a theory of supervisory liability, as well as a *Monell* claim against the Defendant City.

**F.     The relief sought by any party, including computation of damages, if available:**

Plaintiff is seeking compensatory damages. To the extent that Plaintiff will seek special damages, he has not yet calculated them.

**G.     The name of any party who or which has not been served, and any fact or circumstance related to service of process on such party:**

Plaintiff is unable to serve Defendants Foley and Turner, as they are deceased. Absent a stipulation with the Defendant City to stand in Foley's and Turner's shoes, Plaintiff intends on filing a petition in state court for the appointment of a special representative of their respective estates, and then filing a motion for leave to substitute or name the representative(s) as a party.

Plaintiff has sent notices of the lawsuit and waivers of service to counsel for the Defendant Officers, who will be entering her appearance once she has been authorized to accept service on their behalf.

**H.     The principle legal issues:**

The principle legal issues will be whether Plaintiff can meet his burden of proof on each element of each constitutional and state claim alleged in his Complaint, and whether the Defendant Officers and/or Defendant Garfinkel are entitled to qualified immunity, and whether Defendant Garfinkel was acting in the role of a prosecutor so as to entitle him to absolute prosecutorial immunity.

3

I.     **The principle factual issues, including the parties' respective positions on those issues:**

The principle factual issues will involve whether the Defendants coerced Plaintiff's and Coleman's confessions and the probative value of the DNA test results obtained in 2017.

Plaintiff's position is that the Defendants used physical and mental coercion to induce a false confession. Plaintiff claims that the DNA test results completely exonerate him and prove the falsity of his (and Coleman's) confession.

The City Defendants deny Plaintiff's allegations of misconduct, and agree the probative value of DNA test results will be one of several key issues in the case.

Defendant Garfinkel denies that any physical or mental coercion took place and that his role was that of a prosecutor and not an investigator.

Additional factual issues will involve whether and to what extent the Defendant Officers coerced false confessions in similar cases, whether Defendant City policymakers had knowledge of that practice, and whether the Defendant City failed to adequately train, supervise, and/or discipline its officers in light of that practice.

Plaintiff contends that policymakers had ample knowledge of the physical and mental abuse perpetrated by Chicago police officers against suspects in their custody, and failed to properly train, supervise, and/or discipline its officers in order to prevent it.

The City Defendants deny Plaintiff's allegations concerning "similar cases" and policies, practices and customs of the City, and do not agree those issues need to be involved in the resolution of the case.

J.     **A brief description of all anticipated motions:**

Plaintiff anticipates having to file motions concerning the scope of document production, particularly as it relates to (1) misconduct allegedly perpetrated by the Defendant Officers involving other criminal defendants, and (2) the investigation conducted by the state's attorney's office in 2016 and 2017 that resulted in the state's motion to vacate Plaintiff's conviction.

Defendants anticipate at least (1) a motion to reassign to this Court the related case of *Coleman v. Boudreau*, 18 C 998 pursuant to Local Rule 40.4; (2) a motion to bifurcate the Monell claim; and (3) a motion for entry of a Confidentiality Order.

**K.    A proposed discovery plan pursuant to FRCP 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff:**

No discovery has been taken to date.

The parties anticipate that more than the 10 depositions allotted per party by FRCP 30(a)(2)(A)(i) will be required.

The parties would propose the following discovery cutoffs:

Initial Rule 26(a)(1) disclosures – April 17, 2018
Written discovery to be issued – May 1, 2018
Responses to written discovery to issued – July 3, 2018
Final Rule 26(a)(1)(A)(i) disclosures to be issued – July 3, 2019
Fact discovery cutoff – October 3, 2019
Plaintiff to disclose experts – December 3, 2019
Plaintiff's experts deposed – February 3, 2020
Defendants' to disclose experts – April 3, 2020
Defendants' experts deposed – June 3, 2020
Plaintiff's rebuttal experts disclosed – July 3, 2020
Plaintiff's rebuttal experts deposed – August 3, 2020

**L.    The earliest date the parties would be ready for trial and the probable length of trial:**

If the parties allow approximately 6 months for summary judgment briefing and a decision, the earliest the parties would be available for trial is February 8, 2021.

**M.    The status of any settlement discussions and whether a settlement conference would be appropriate:**

No settlement discussions have taken place.

**N.    Whether the parties will consent to jurisdiction and trial before a magistrate judge:**

Not all of the parties will consent to proceeding before a magistrate.

Respectfully submitted,

/s/ Kathleen T. Zellner
Kathleen T. Zellner
On behalf of Plaintiff
Kathleen T. Zellner & Associates
1901 Butterfield Road, #650
Downers Grove, IL 60515
(Ph): (630) 955-1212
Email: attorneys@zellnerlawoffices.com

/s/ Eileen E. Rosen
Eileen E. Rosen
On behalf of Defendant Officers
Rock Fusco & Connelly, LLC
321 N. Clark Street
Chicago, IL 60654
(Ph): (312) 494-1000
Email: erosen@rfclaw.com

/s/ James G. Sotos
James G. Sotos
On behalf of Defendant City
The Sotos Law Firm, P.C.
550 E. Devon Avenue, #150
Itasca, IL 60143
(Ph) (630) 735-3300
Email: jsotos@jsotoslaw.com

/s/ James E. Hanlon, Jr.
James E. Hanlon, Jr.
On behalf of County Defendants
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(Ph): (312) 603-3369
Email: james.hanlon@cookcountyil.gov

6

### Proof of Service

I hereby certify that I have served the foregoing document to all counsel of record on March 5, 2018, by means of the Court's electronic case filing system.

Respectfully submitted,

/s/ Kathleen T. Zellner
Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
1901 Butterfield Road, Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Email:  attorneys@zellnerlawoffices.com