IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRELL FULTON<br><br>Plaintiff,<br>v.<br><br>WILLIAM FOLEY, et al.<br><br>Defendant. | Case No. 17-CV-8696<br><br>Magistrate Judge Sunil R. Harjani |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Derrell Fulton has moved to quash a subpoena issued by Defendant City of Chicago to Momentum Funding, LLC [185]. The question presented in this motion is whether litigation funding documents that were provided by Plaintiff to Momentum in order to obtain third-party funding for the litigation are relevant under Fed. R. Civ. P. 26(b)(1), and whether they are protected by the attorney work product doctrine. For the reasons stated below, the Court grants the motion to quash.

### **Background**

Plaintiff Derrell Fulton has filed a complaint alleging that he was wrongfully arrested and convicted of a sexual assault and murder that he did not commit. This lawsuit alleges that the defendants coerced his false confession and fabricated evidence that caused Plaintiff's arrest, conviction, and 23 years of incarceration. Defendants have denied the allegations of the complaint.

During discovery, Defendant City of Chicago has served a subpoena pursuant to Federal Rule of Civil Procedure 45 on Momentum Funding, LLC for documents relating to the obtention of litigation funding by Plaintiff. The subpoena seeks communications with Plaintiff and his attorneys, summaries and assessments of the case, applications for funding, and all funding agreements and statements of the terms of funding. Plaintiff has moved to quash the subpoena. At the outset, Plaintiff has argued it has standing to bring the motion to quash, and defendant has not challenged the standing issue in its response brief. The Court finds that Plaintiff has standing because it has a legitimate interest in the information as it details private financial information related to funding of the fees and costs associated with this litigation, and disclosure of the documents also impacts the production of attorney work product material. *See Allstate Ins. Co. v. Electrolux Home Prod., Inc*., No. 16-CV-4161, 2017 WL 5478297, at *3 (N.D. Ill. Nov. 15, 2017). Turning to the substance of Plaintiff's motion to quash, Plaintiff argues that the subpoenaed documents are irrelevant under Rule 26(b)(1) and also seek information protected by the attorney work product doctrine.

1

**Legal Standard**

Rule 45 of the Federal Rules of Civil Procedure governs the issuance and quashing of subpoenas. Under Rule 45(a), a party may issue a subpoena commanding a person to produce designated documents at a specified time and place. Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of information discoverable by subpoena is "as broad as what is otherwise permitted under Rule 26(b)(1)." *In re Kleimar N.V v. Benxi Iron & Steel Am., Ltd.*, No. 17-CV-01287, 2017 WL 3386115, at *7 (N.D. Ill. Aug. 7, 2017) (citation omitted). A proper subpoena may therefore call for "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

Upon a timely motion, Rule 45(d) mandates that the court quash or modify a subpoena if the subpoena "subjects a person to undue burden" or "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv). Rule 45(d) likewise permits a court to quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Civ. P. 45(d)(3)(B)(i).

It is up to the moving party to establish the impropriety of the subpoena, *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002. Finally, magistrate judges "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013).

**Discussion**

The requested documents can generally be divided into two categories: (1) the litigation funding documents, which include the terms of the deal and the funding agreements; and (2) the non-funding documents, which include the communications and information provided to Momentum leading up to the securing of funding.

    **A.**    **Litigation Funding Agreement Documents**

Rule 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). As a general matter, courts across the country that have addressed the issue have held that litigation funding information is generally irrelevant to proving the claims and defenses in a case. *In re Valsartan N. Nitrosodimethylamine*, 19-2875, 2019 WL 4485702 at *3 (D.N.J. Sept. 18, 2019); *Benitez v. Lopez*, 17-CV-3827-SJ-SJB, 2019 WL 1578167, at *1 (E.D.N.Y. March 14, 2019); *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F.Supp.3d 711, 742 (N.D. Ill. 2014); *Kaplan v. S.A.C. Capital Advisors, L.P.*, S.A.C., No. 12-CV-9350 (VM)(KNF), 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10, 2015), *aff'd,* 141 F. Supp. 3d 246 (S.D.N.Y. 2015); *Space Data Corp. v. Google LLC*, Case No. 16-cv-03260 BLF, 2018 WL 3054797, at *1 (N.D. Cal. June 11, 2018); *MLC Intellectual Property LLC v. Micron Technology, Inc.*, Case No. 14-cv-3657-SI,

2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019); *Yousefi v. Delta Electric Motors, Inc.*, No. 13-CV-1632 RSL, 2015 WL 11217257, at *2 (W.D. Wash. May 11, 2015).

Nevertheless, discovery issues are generally case-specific and deserve individual consideration that require courts to balance the concerns of relevancy and proportionality. Defendant has proffered a number of bases for the alleged relevancy of the records in this case, but the Court finds each of them are without merit.

First, Defendant claims that litigation funding is income to Plaintiff and thus is relevant to his claim of lost wages for the years Plaintiff was incarcerated and the financial damages he has suffered post-release, and that the funds could constitute mitigation of his damages. The Court disagrees. The structure of the litigation funding in this case requires that Plaintiff repay the funds if this matter settles or Plaintiff is successful at trial. Thus, the funds are not income, and could not constitute an offset to his claim of lost wages because Plaintiff is obligated to repay the funds. True, the funding is in the form of a non-recourse loan, which means that if Plaintiff is unsuccessful at trial, he does not have to pay the funds back. But that fact does not change the analysis – it is only if Plaintiff wins on the liability portion of his case does the jury have to consider how much damages to award, in which case the question of mitigation comes into play. And funds that Plaintiff has to repay, likely with interest or a return on the investment, cannot be considered income to the Plaintiff at that point because it mitigates nothing – Plaintiff has to pay those funds back. If Plaintiff is unsuccessful on the liability portion of the trial, he owes nothing, but then the information is wholly irrelevant because there is no damages issue to address with a jury. Put another way, the information is irrelevant either way.

Second, Defendant claims that the litigation funding documents are relevant to determine a reasonable settlement value of this case. The argument misses the mark. Even if the documents could somehow be relevant for settlement discussions, settlement considerations are a wholly distinct concept and not a proper basis to obtain discovery under Rule 26(b)(1). More specifically, the litigation funding documents have no bearing on evidence that is needed to prove a claim or defense at a trial or establish the amount of damages that a jury should award. Defendant's argument is better suited for a discussion in the context of a settlement conference with the Court, where the parties can exchange information only for use in settlement discussions.

Third, Defendant claims that the information is relevant to Plaintiff's bias. "[T]he financial backing of a litigation funder is as irrelevant to credibility as the Plaintiff's personal financial wealth, credit history, or indebtedness." *Benitez,* 2019 WL 1578167 at *1. The assistance of litigation funding, in order to pay the fees and expenses of a litigation, does not assist the fact-finder in determining the credibility of Plaintiff's testimony. Rather, the mere fact that Plaintiff stands to gain from a successful lawsuit (with or without litigation funding) is the relevant inquiry on cross-examination concerning bias. Litigation funding does not change or add to the nature of that inquiry.

### B.  Documents Provided to Obtain the Funding

Defendant also argues that the documents pertaining to information and communications between Plaintiff, his counsel, and Momentum Funding to secure and manage the funding agreement are relevant to this case. These documents include counsel's description of the case and counsel's assessment of the strengths and weaknesses of the case. These sets of documents are not relevant – the selection of facts by counsel, counsel's thoughts about the relative merits of

the evidence, and counsel's opinion as to the likelihood of success will not provide evidence more likely to prove a claim or defense in this case. More succinctly, counsel's opinions and thoughts are not facts.

Moreover, counsel's mental impressions are protected by the attorney work-product doctrine because they were created for the purposes of litigation. Courts that have examined this issue have generally held that litigation funding documents are protected by the work product doctrine. *See e.g. Viamedia, Inc. v. Comcast Corp.*, No. 16-cv-5486, 2017 WL 2834535, at *1 (Jun. 30, 2017); *In re Int'l Oil Trading Co., LLC*, 548 B.R. 825, 835–39 (Bankr. S.D. Fla. 2016); *Doe v. Society of Missionaries*, No. 11-cv-02518, 2014 WL 1715376, at *4 (N.D. Ill. May 1, 2014); *United States v. Homeward Residential, Inc.*, CASE NO. 4:12-CV-461, 2016 WL 1031154, at *6 (E.D. Tex. Mar. 15, 2016); *United States v. Ocwen Loan Serv., LLC*, 4:12-CV-543, 2016 WL 1031157, at *6 (E.D. Tex. Mar. 15, 2016); *Mondis Tech., Ltd. v. LG Elecs., Inc.*, Civil Action Nos. 2:07–CV–565–TJW–CE, 2:08–CV–478–TJW, 2011 WL 1714304, at *3 (E.D. Tex. May 4, 2011).

This is true even when mental impressions are shared with a third-party, such as Momentum, because the privilege is only waived when that disclosure substantially increases the opportunities for potential adversaries to obtain that information. *Doe,* 2014 WL 1715376, at *4. When counsel submits materials to secure funding for a litigation matter, that production does not substantially increase the chance that opposing counsel would obtain the information. Litigation funding communications are designed to be confidential. Otherwise, no counsel would ever memorialize on paper the relative merits and the chances of success of a piece of litigation and apply for litigation funding. *See Miller*, 17 F.Supp.3d at 738. Similarly, if litigation funding companies did not maintain confidentiality of documents provided by attorneys about their evaluation of the case, these companies would run out of clients fairly quickly. *Doe*, 2014 WL 1715376, at *4. The Court holds that these materials are protected by the attorney work product doctrine.

Finally, the party asserting waiver has the burden of proving that a waiver occurred. *Miller*, 17 F.Supp.3d at 737. Defendant, who bears the burden, has put forth no facts to demonstrate that a waiver has occurred.

This, however, does not end the inquiry. It is possible that there are non-opinion, fact-based materials that do not involve the mental impressions of counsel in the documents that Plaintiff has provided Momentum. It is also possible that Plaintiff himself has made statements or representations about the facts of the case. All of this is currently unknown to the Court, but these documents would be relevant information that could expand on the allegations of the Complaint, identify witnesses, and potentially be used for impeachment. Thus, while the Court will quash the subpoena, the Court will order Plaintiff to produce to Defendant all non-mental impressions, fact-based information and documents including any statements provided by Plaintiff directly, if any, that was provided to Momentum. *See Doe*, 2014 WL 1715376, at *4 (entering protective order on third-party litigation funding discovery, but ordering the party that obtained litigation funding to produce all relevant, non-privileged documents). The Court does so under its broad authority to manage the discovery process pursuant to Federal Rules of Civil Procedure 16 and 26, and finds that this procedure will ensure that Defendant will obtain documents, if any, that are relevant and non-privileged in the most efficient and cost-effective manner. To the extent that redactions need to be made to accomplish this task, Plaintiff shall do so and include a privilege log.

## Conclusion

Plaintiff's Motion to Quash [185] is granted. However, Plaintiff shall produce the documents described above, if any, by December 20, 2019.

**SO ORDERED.**

Dated: December 5, 2019

_____
Sunil R. Harjani
United States Magistrate Judge