**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Derrell Fulton, AKA Darryl Fulton, | ) | |
| | ) | Case No. 17 CV 8696 |
| Plaintiff, | ) | |
| | ) | Hon. Judge Pacold |
| v. | ) | |
| | ) | Magistrate Judge Harjani |
| City of Chicago, et al., | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| Nevest Coleman, | ) | |
| | ) | Case No. 18 CV 998 |
| Plaintiff, | ) | |
| | ) | Hon. Judge Pacold |
| v. | ) | |
| | ) | Magistrate Judge Harjani |
| City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**THE CITY DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY**
**REGARDING THE DEPOSITIONS OF ERIC SUSSMAN AND MARK ROTERT**

Defendants City of Chicago and former Chicago Police Officers Michael Clancy, John Halloran, Kenneth Boudreau, James O'Brien, Gerald Carroll, William Moser, Albert Graf, Michael Clancy, Thomas Benoit, and Geri Lynn Yanow, as Independent Administrator of the Estate of William Foley (the "City Defendants"), through their attorneys, move this Court for leave to file a sur-reply in response to the Cook County State's Attorney's Office ("CCSAO") Reply in Support of the Motion to Quash the Subpoena for the Deposition of Eric Sussman, and state:

1.     On October 9, 2020, the CCSAO filed an eight-page Motion to Quash the City Defendants' subpoena for the deposition of former First Assistant Eric Sussman. *Fulton,* Dkt. 238.[1] On October 29, 2020, the CCSAO filed a nearly twelve-page reply in support of its motion,

---

[1] Unless otherwise stated, all docket numbers referenced are in the *Fulton* case; for some reason, the CCSAO did not file a corresponding motion in the *Coleman* case.

exceeding the original motion in scope, substance and length. Dkt. 247. The City Defendants now seek leave to file a brief sur-reply because the CCSAO's reply advances arguments it did not raise in its initial motion, makes assertions that are factually and legally incorrect, and contradicts positions the CCSAO took in its initial motion, which the City Defendants did not have the opportunity to address in their response.

2.      For example, the original motion contains a small paragraph describing the CCSAO's offer to produce a Rule 30(b)(6) deponent in lieu of Sussman. Dkt. 238, p. 4. The Reply, however, morphs that small paragraph into a three-page substantive argument that the subpoenas should be quashed because the City Defendants did not identify subject matters for a proposed Rule 30(b)6 alternative deponent. In addition to being new, the argument unfairly attempts to shift the CCSAO's burden on its motion to the City Defendants. *See Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 n.2 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 672 (U.S. 2019) (on a motion to quash subpoena, the moving party bears the burdens of proof and of persuasion). The City Defendants are not required to accept a vague promise of an unknown alternative, or make that unknown alternative less vague, and their refusal to do so does not alleviate the CCSAO of meeting its burden. The City Defendants propose to address the CCSAO's attempt to shift the burden on its motion to quash.

3.      The CCSAO also argues for the first time that the depositions should not be allowed because Sussman and former Chief of the Conviction Integrity Unit, Mark Rotert, are "apex depositions," without bothering to first establish what an apex witness is or why, in this case, Sussman and Rotert's depositions should be deemed off limits because of their "apex" status. In fact, the CCSAO's motion is internally inconsistent on this point: on the very fist page, it asserts that the decision to vacate Plaintiffs' convictions belongs to the State's Attorney herself, not

Sussman or Rotert, as a reason to quash the depositions.  Dkt. 247, p. 1.  Setting aside this inconsistency, Sussman and Rotert do not qualify as "apex" witnesses who should not be required to testify.  Indeed, they were intimately involved in the decisions at issue.  The City Defendants propose to address this inconsistency and the absence of any "apex" concern in this case.

4.　　Similarly, the Reply attempts to reframe Chief Judge Pallmeyer's decision in *Brown v. City*, No. 18-cv-7064, by overstating its "support" for quashing the subpoena.  But a full reading of the transcript demonstrates the opposite.  Chief Judge Pallmeyer's comments show she recognized the depositions of Sussman and Rotert were warranted, and that she tried to strike a balance so the parties would have a reasonable opportunity to discover evidence needed for a fair presentation at trial:

- I do think it's probably fair for the defendants to offer evidence about the circumstances surrounding the issuance of a certificate of innocence so long as it doesn't absorb or overwhelm the rest of the trial . . . Dkt. 241-9, p. 9: 15;

- Reasons for withdrawing the appeal might be relevant, but I think the real question is not so much the reasons for withdrawing the appeal but instead reasons for not opposing the certificate of innocence, which is part of Paragraph F.  Dkt. 241-9, p. 10: 25 – 11: 4;

- The fact that the certificate of innocence doesn't have *res judicata* effect in other proceedings besides the Court of Claims doesn't mean that it's not admissible. I just -- I'm just curious about, if we are not going to tell the jurors about this at all, how in the world they would conclude -- they may very well conclude, well, yes, he was convicted. He did his time, and now he's out. What's wrong here? The plaintiffs have to be able to tell the jury that his conviction was declared improper in some way. And at the same time the defendants are entitled to say that doesn't mean necessarily in this case that he is innocent. They are entitled to put that information before the jury. Dkt. 241-9, p. 16: 19 – 17: 8.

5.　　The City Defendants will respond to the CCSAO's characterization of Judge Pallmeyer's decision.  Relatedly, the City Defendants also will respond to the CCSAO's attempt to show the COI is not relevant at all to this case.  Only two months after Chief Judge Pallmeyer's bench ruling, and much to the City Defendants' disappointment, the Seventh Circuit found a COI

admissible in a malicious prosecution case to establish the charges against the plaintiff were dismissed in a manner indicative of innocence. *Patrick v. City*, 974 F.3d 824, 832-34 ( Cir. 2020).[2] That decision means the COIs in this case likely will be admissible in evidence, but also rebuttable. Notwithstanding this currently-controlling precedent, the CCSAO ignores it entirely in its Reply and pretends the COI is irrelevant. The City Defendants will address this argument.

6. The CCSAO also makes the disingenuous claim, for the first time in its Reply, that the depositions of Sussman and Rotert are irrelevant because "the only aim of such discovery would be to shift the focus on this case from defending the police officers' conduct during the investigation." Dkt. 247, p. 5. But Chief Judge Pallmeyer rejected this argument, finding that both depositions should go forward in *Brown*.

7. In Section III of the Reply, the CCSAO makes the bold and false assertion, for the first time, that it did not intervene in the COIs. Dkt. 247, p. 6. In fact, in its sur-reply the City Defendants will demonstrate the CCSAO actually did intervene in Fulton's COI, and by the time Coleman had filed a COI, the CCSAO had already formulated a plan to enter into an agreed order that contains favorable language for the CCSAO, reflected in emails between the CCSAO and Coleman's attorney. Similarly, the CCSAO claims there is "no legal basis for including the CCSAO in this already complex and contentious case." Dkt. 247, p. 6. But former ASA Hal Garfinkle is a Defendant, which means the CCSAO is necessarily involved.

8. The CCSAO then tries to excuse its failure to file an affidavit with its motion by wrongly claiming an opinion from another magistrate judge is "precedent in this district" that an affidavit is not required. Dkt. 247, p. 7 *citing Tumas v. Bd. of Educ.*, 2007 WL 2228695 (N.D.Ill.

---

[2] The City opposed the COI's admissibility before the Seventh Circuit in *Patrick*, and it has filed a currently-pending Petition for Rehearing and Petition for Rehearing *En Banc*, which the CCSAO has supported with an amicus brief.

July 31, 2007) (Ashman). Not only is that assertion incorrect – the decision is not precedent – but the CCSAO fails to establish why this case bears any similarity to the facts in *Tumas*. And the affidavit requirement is not a mere formality. It requires the party asserting the privilege to identify the specific documents or information sought to be protected and provide an explanation for asserting the privilege. The CCSAO did not do this, but instead requests that broad and sweeping categories of information be protected. The City Defendants will explain why *Tumas* is inapposite and should not be followed here.

9.      The CCSAO also fails to correctly state the scope of the privilege, much like it did in *Saunders v. City of Chicago*, 2015 WL 4765424, at *10 (N.D. Ill. Aug. 12, 2015) ("If the deliberative process privilege were construed as broadly as the SAO suggests, a cloak could be placed over *all* factual information developed during a reinvestigation"). The City Defendants will demonstrate that the decisions themselves are not protected, nor are the reasons or factors for those decisions, or the facts discovered in the course of investigating and considering the decisions, because that information is either post-decisional or non-deliberative.

10.      The CCSAO also cites a decision regarding the Independent Police Review Authority for the first time in its Reply. Dkt. 247, p. 11 *citing Turner v. City of Chicago*, 2017 U.S. Dist. LEXIS 18987 (N.D.Ill. Feb. 10, 2017). The City Defendants will demonstrate that *Turner* is likewise inapplicable to this case and should not be followed. This is not a case where the City Defendants are challenging the decisions of the CCSAO and its CIU inasmuch as attempting to discover facts that can be used in explaining these decisions to the jury.

11.      The City Defendants do not wish to delay the resolution of the CCSAO motion any longer than necessary, but because of Election Day and other professional responsibilities, and

because the City Defendants had a very short amount of time in which to file their response, they seek leave to file a sur-reply limited to 10 pages by Monday, November 9, 2020.

12.     Because the CCSAO's motion to quash has extended the time in which Sussman and Rotert could be deposed past the current fact discovery close date of November 6, 2020, the additional time sought for the sur-reply will not prejudice the parties or unreasonably delay this litigation.

WHEREFPORE, for the reasons set forth above, the City Defendants respectfully move for leave to file a sur-reply by November 9, 2020.


/s/ *Patrick R. Moran*
*Special Assistant Corporation Counsel*
Attorney for Defendant Officers
Rock Fusco & Connelly
321 N. Clark Street, Suite 2200
Chicago, Illinois 60654
(312) 474-1000

/s/ Jeffrey N. Given
*Special Assistant Corporation Counsel*
Attorney for Defendant City
The Sotos Law Firm
141 W. Jackson Blvd., 1240A
Chicago, Illinois 60143
(630) 735-3300